```
ERSKINE & TULLEY
A PROFESSIONAL CORPORATION
MICHAEL J. CARROLL (St. Bar #50246)
220 Montgomery Street, Suite 303
San Francisco, CA  94104
Telephone:  (415) 392-5431

Attorneys for Plaintiffs
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA SHEET METAL WORKERS HEALTH CARE PLAN, SHEET METAL WORKERS PENSION TRUST OF NORTHERN CALIFORNIA, SHEET METAL WORKERS LOCAL 162 VACATION, HOLIDAY SAVINGS PLAN; DENNIS CANEVARI, TRUSTEE,<br><br>            Plaintiffs,<br><br>     vs.<br><br>CAMFIL FARR, INC., a Delaware corporation,<br><br>            Defendant. | NO. C 07 6062 JCS<br><br>COMPLAINT |

Plaintiffs complain of defendant and for a cause of action allege that:

1.  Jurisdiction of this Court is founded upon Section 301(c)(1) of the National Labor Relations Act of 1947 [29 U.S.C. §185(a)] and Section 502 of the Employee Retirement Income Security Act of 1974, said Act being hereinafter referred to as "ERISA" (29 U.S.C. §1132), in that defendant has violated a collective bargaining agreement and certain Trust Agreements, thereby violating the

COMPLAINT                                                              -1-

1  provisions of ERISA and the provisions of the National Labor Relations
2  Act of 1947.  This action is also brought pursuant to the Federal
3  Declaratory Judgment Act (28 U.S.C. § 2201 et seq.) in a case of
4  actual controversy between plaintiffs and defendant, and for a
5  Judgment that defendant make available for examination by plaintiffs
6  its past payroll books and records and pay fringe benefit
7  contributions in accordance with its contractual obligations.
8          2. Plaintiffs, BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA
9  SHEET METAL WORKERS HEALTH CARE PLAN, SHEET METAL WORKERS PENSION
10 TRUST OF NORTHERN CALIFORNIA, SHEET METAL WORKERS LOCAL 162 VACATION,
11 HOLIDAY SAVINGS PLAN (hereinafter "TRUST FUNDS"), named in the
12 caption, are trustees of employee benefit plans within the meaning of
13 §§3(1) and (3) and §502(d)(1) of ERISA, 29 U.S.C. §1002(1) and (3) and
14 §1132(d)(1), and a multiemployer plan within the meaning of §§3(37)
15 and 515 of ERISA, 29 U.S.C. §§1002(37) and §1145.  Plaintiff DENNIS
16 CANEVARI is a Trustee.  Said TRUST FUNDS are authorized to maintain
17 suit as independent legal entities under §502(d)(1) of ERISA, 29
18 U.S.C. §1132(d)(1).
19         3. Plaintiffs are informed and believe and thereupon allege
20 that defendant, CAMFIL FARR, INC., resides and does business in
21 Corcoran, California. Performance of the obligations set forth herein
22 is to take place in this judicial district.
23         4. Each and every defendant herein is the agent of each and
24 every other defendant herein.  Defendants and each of them are engaged
25 in commerce or in an industry affecting commerce.
26         5.  At all times pertinent hereto, defendant was bound by
27 a written collective bargaining agreement with Sheet Metal Workers
28 Local Union No. 162, a labor organization in an industry affecting

commerce. The aforesaid agreement provides that defendant shall make contributions to the TRUST FUNDS, on behalf of defendant's employees on a regular basis on all hours worked, and that defendant shall be bound to and abide by all the provisions of the respective Trust Agreement and Declaration of Trust of said TRUST FUNDS (hereinafter the "Trust Agreements").

6. The TRUST FUNDS rely upon voluntary monthly reporting by employers. Plaintiffs deem it necessary and advisable to examine employer's payroll books and records from time to time to determine whether or not employers have accurately reported and paid all contributions due on behalf of all employees covered by the collective bargaining agreements.

7. The Trust Agreement provides at Article III, Section D, that the Trustees or their authorized representatives may examine any books and records of each Employer which the Employer is required to furnish to the Trustees on demand wherever such examination is deemed necessary or desirable by the Trustees in the proper administration of the Trust.

8. Plaintiffs have requested defendant to make all of its payroll books and records of all defendant's employees available to plaintiffs in order to permit plaintiffs to examine said payroll books and records for the period from October 1, 2002 through September 30, 2005. Defendant has breached the aforesaid Trust Agreement and collective bargaining agreements in that it has refused and continues to refuse to permit plaintiffs to examine all of said payroll books and records for said period. It is necessary for plaintiffs to examine all of defendant's payroll books and records covering all defendant's employees to determine the exact amounts owing by

1  defendant to the TRUST FUNDS.  Said amounts owed the TRUST FUNDS are
2  upon a mutual, open and current account where there have been
3  reciprocal demands between the parties.

4        9.  An actual controversy exists between plaintiffs and
5  defendant in that plaintiffs contend that they are entitled to examine
6  all the payroll books and records of defendant for the purpose of
7  determining the amounts owed by defendant to the TRUST FUNDS, and
8  defendant refuses to permit plaintiffs to conduct such examination and
9  contends that plaintiffs are not entitled to conduct a complete
10 examination of all of defendant's payroll books and records.

11       10. The Trust Agreements provide that, in the event suit is
12 instituted to enforce the terms of the agreement and payments due
13 thereunder, the defendant shall pay court costs and a reasonable
14 attorneys' fee.  It has been necessary for plaintiffs to employ
15 ERSKINE & TULLEY, A PROFESSIONAL CORPORATION, as attorneys to
16 prosecute the within action, and a reasonable attorneys' fee should
17 be allowed by the Court on account of the employment by plaintiffs of
18 said attorneys.

19       WHEREFORE, plaintiffs pray:

20       1.  The Court require enforcement of the aforesaid
21 agreements by ordering defendant to permit plaintiffs to examine all
22 of the past payroll books and records of defendant for the purpose of
23 ascertaining the amounts owed by said defendant to the TRUST FUNDS for
24 the period October 1, 2002 to September 30, 2005, and that defendant
25 make all of its past payroll books and records available to plaintiffs
26 for the purpose of making such examination;

27       2.  That the Court render a judgment on behalf of plaintiffs
28 for all contributions due and owing to the date of judgment, plus

liquidated damages provided for by the contract, interest at the legal rate, reasonable attorneys' fees incurred in prosecuting this action and costs.

    3.   That the Court enjoin the defendant from violating the terms of the collective bargaining agreement and the Trust Agreements for the full period for which defendant is contractually bound to file reports and pay contributions to the TRUST FUNDS.

    4.   That the Court retain jurisdiction of this cause pending compliance with its orders.

    5.   For such other and further relief as the Court deems just and proper.

Dated:   November 27, 2007

ERSKINE & TULLEY

By: /s/Michael J. Carroll
    Michael J. Carroll
    Attorneys for Plaintiffs

COMPLAINT    -5-